UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHY SCOTT | ) |
| | ) No. _____ |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT GREENE, | ) |
| THOMAS WAGNER, FNU DUKATE, | ) |
| FNU JOHNSON, FNU SHAPUTT, | ) |
| FNU WOMBLEDORF, FNU AGIS | ) |
| and JOHN/JANE DOE(S) | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY**

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to Plaintiff under the Constitution of the United States.

2. This action is brought against Defendants for damages in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents* for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution; and against Defendants in their official capacities under federal law to the extent injunctive relief is sought to address the wrongs alleged herein.

3. Jurisdiction is founded on 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391(b). All claims set forth herein arose in the District of Connecticut.

## PARTIES

5.     Plaintiff, Kathy Scott, is a United States citizen and an inmate at Federal Correctional Institute, Danbury ("FCI – Danbury"), located at 33 ½ Pembroke Road, Danbury, Connecticut 06811.

6.     Defendant, Robert Greene ("Greene"), is an adult male individual.  Plaintiff believes, and therefore avers, that Defendant Greene is a United States citizen.  At all times relevant to this Complaint, Defendant Greene was a medical professional employed at FCI – Danbury by the United States government.

7.     Defendant, Thomas Wagner ("Wagner"), is an adult male individual. Plaintiff believes, and therefore avers, that Defendant Wagner is a United States citizen. At all times relevant to this Complaint, Defendant Wagner was an optometrist employed at FCI – Danbury by the United States government.

8.     Defendant, FNU Dukate ("Dukate") is an adult male individual.  Plaintiff believes, and therefore avers, that Defendant Dukate is a United States citizen.  At all times relevant to this Complaint, Defendant Dukate was a medical professional employed at FCI – Danbury by the United States government.

9.     Defendant, FNU Johnson ("Johnson"), is an adult female individual. Plaintiff believes, and therefore avers, that Defendant Johnson is a United States citizen.  At all times relevant to this Complaint, Defendant Johnson was a medical professional employed at FCI – Danbury by the United States government.

10.     Defendant, FNU Shaputt ("Shaputt"), is an adult male individual.  Plaintiff believes, and therefore avers, that Defendant Shaputt is a United States citizen.  At all

times relevant to this Complaint, Defendant Shaputt was a paramedic employed at FCI – Danbury by the United States government.

11.     Defendant, FNU Wombledorf ("Wombledorf"), is an adult male individual. Plaintiff believes, and therefore avers, that Defendant Wombledorf is a United States citizen.  At all times relevant to this Complaint, Defendant Wombledorf was employed as the assistant warden of FCI – Danbury by the United States government.

12.     Defendant, FNU Agis ("Agis"), is an adult male individual.  Plaintiff believes, and therefore avers, that Defendant Agis is a United States citizen.  At all times relevant to this Complaint, Defendant Agis was employed as a correctional officer at FCI – Danbury by the United States government.

13.     Defendants, John/Jane Doe(s) ("Doe(s)"), unknown in name, number or gender were, at all times relevant to this Complaint, employees working at FCI – Danbury and employed by the United States government, including, but not limited to, members of the medical staff, who had actual knowledge of Plaintiff's injuries, as more fully described below.

## FACTUAL ALLEGATIONS

14.     Plaintiff is, and all relevant times was, a sentenced inmate at FCI – Danbury, located at 33 ½ Pembroke Road, Danbury, Connecticut 06811.

15.     On or about April 8, 2019, Plaintiff sustained an ankle injury.  As a result of this injury, Plaintiff suffered from severe pain, swelling and bruising of her ankle.

16.     Thereafter, on multiple occasions, Plaintiff reported her ankle injury to the medical staff at FCI – Danbury, including, but not limited to, Defendants Dukate, Shaputt, Greene, Johnson and/or Doe(s).

17. Plaintiff also repeatedly requested to receive an x-ray of her ankle from medical staff, including, but not limited to Defendants Dukate, Shaputt, Greene, Johnson and/or Doe(s).

18. Despite Plaintiff's multiple complaints of her ankle injury, medical staff, including, but not limited to, Defendants Dukate, Shaputt, Greene, Johnson and/or Doe(s), were deliberately indifferent to Plaintiff's treatment needs and failed to provide adequate medical care to Plaintiff.

19. This deliberate indifference and failure by medical staff to adequately treat Plaintiff's injury, included, but was not limited to, failing to x-ray Plaintiff's ankle injury.

20. Moreover, medical staff at FCI - Danbury, including, but not limited to Defendants Dukate, Shaputt, Greene, Johnson and/or Doe(s), instructed the Plaintiff to fully utilize and walk on her ankle, despite actual knowledge of her injury and severe pain, swelling and bruising.

21. The Plaintiff's injury continued to worsen, as a direct and proximate result of the deliberate indifference to Plaintiff's treatment needs and failure to adequately treat the Plaintiff's ankle injury by medical staff at FCI – Danbury, including, but not limited to, Defendants Dukate, Shaputt, Green, Johnson and/or Doe(s).

22. On or about April 14, 2019, other female inmates at FCI – Danbury received x-rays at the facility, but Plaintiff was not given an x-ray by medical staff, including, but not limited to, Defendants Dukate, Shaputt, Greene, Johnson and/or Doe(s), despite Defendants' actual knowledge of the Plaintiff's severe injury.

23. Thereafter, Plaintiff reported her medical issues to Defendant Wombledorf, however, Plaintiff was not provided adequate medical care and/or any medical care at that time.

24. Plaintiff did not receive an x-ray for her injury until on or about April 23, 2019, two (2) weeks after first reporting her injury to FCI – Danbury's medical staff. At that time, Plaintiff's x-ray indicated a broken ankle, which an earlier x-ray would have revealed.

25. Thereafter, the orthopedic surgeon at Danbury Hospital indicated to the Plaintiff that the severity of her injury was a direct result of the delay in treatment by medical staff at FCI – Danbury, as more fully described above, and that a surgical procedure was necessary.

26. On or about April 29, 2019, medical staff at Danbury Hospital performed the required surgical procedure on Plaintiff's ankle.

27. As a direct and proximate result of the deliberate indifference and failure by staff at FCI – Danbury to adequately treat Plaintiff's ankle injury, as more fully described above, Plaintiff required a wheelchair for three (3) months after Plaintiff underwent the above described surgical procedure.

28. On or about September 2, 2019, Plaintiff experienced distorted vision and loss of vision in her left eye. No medical staff was present at FCI – Danbury on that day.

29. The following day, Plaintiff reported her symptoms to Defendant Johnson and stated that Plaintiff's ophthalmologist, at the time of her previous cataract surgery, instructed her to seek immediate medical attention should she experience these

symptoms, as they could be the result of a detached and/or torn retina. It is commonly known among medical professionals that such medical issues are emergencies requiring immediate attention.

30. Despite Plaintiff's reports to Defendant Johnson that her eye required immediate medical attention, Defendant Johnson deliberately ignored the Plaintiff's request for medical attention and did not provide any adequate medical care or make a referral to another appropriate medical professional.

31. On or about September 5, 2019, Plaintiff filed a grievance pursuant to the applicable administrative grievance procedure due to the Defendants' deliberate indifference and the lack of adequate medical attention given to the Plaintiff's eye by medical staff, including, but not limited to Defendants Johnson, Greene and/or Doe(s).

32. On or about September 7, 2019, Plaintiff again reported her distorted vision and loss of vision to medical staff at FCI – Danbury.

33. Thereafter, Plaintiff was transported to Danbury Hospital and diagnosed with a detached and torn retina, which an earlier eye examination by a competent professional would have revealed. This diagnosis requires a medical procedure and Plaintiff was referred to Yale-New Haven Hospital.

34. At that time, the ophthalmologist at Yale-New Haven Hospital indicated to Plaintiff that the damage to her left eye was a result of the delay in treatment by FCI – Danbury medical staff, as more fully described above, and, because of this delay, the Plaintiff would likely never regain full vision in her left eye.

35. Plaintiff was then returned to FCI – Danbury to await the required surgical procedure.

6

36. On or about September 12, 2019, Plaintiff reported to medical staff, including but not limited to Defendants Greene and/or Doe(s) that she was experiencing severe pain in her left eye.

37. The following day, after again reporting her eye pain to medical staff at FCI – Danbury, Plaintiff was transported to Danbury Hospital and prescribed eye drops.

38. On or about September 18, 2019, Plaintiff had not received her prescribed eye drops from the medical staff at FCI – Danbury, including, but not limited to, Defendants Wagner, Greene and/or Doe(s).

39. At that time, Plaintiff requested her prescribed eye drops from Defendants Wagner, Greene and/or Doe(s) to treat the inflammation and pain in her left eye.  These defendants failed to provide adequate medical care to the Plaintiff and refused to give the Plaintiff her prescribed eye drops.

40. On October 1, 2019, Plaintiff underwent a surgical procedure at Yale-New Haven Hospital to repair her retina, twenty-eight (28) days after Plaintiff first reported her symptoms to medical staff at FCI – Danbury.

41. Following the surgical procedure, Plaintiff was instructed by medical staff at Yale-New Haven Hospital that it was necessary to sleep face down using a specific pillow after the procedure.

42. Despite the instructions by medical staff at Yale-New Haven Hospital, as described above, Defendant Agis removed this prescribed pillow from the Plaintiff's possession after her surgery, despite Plaintiff's having informed Defendant Agis that the pillow was medically necessary.

43. Although the above-described pillow was returned to the Plaintiff the following day, as a direct and proximate result of the actions by Defendant Agis, as described above, Plaintiff was unable to sleep in the necessary position for recovery on the first night following her surgery.

44. Furthermore, Plaintiff's required eye drops were withheld by medical staff at FCI – Danbury, including, but not limited to Defendants Greene and/or Doe(s), until twenty-four (24) hours after her surgical procedure.

45. As a direct and proximate result of the deliberate indifference and failure by Defendants to provide the Plaintiff with adequate medical care, as more fully described above, Plaintiff continues to have issues with her left eye, including, but not limited to, distorted vision, some or all of which may be permanent.

46. Plaintiff continues to receive inadequate medical care from the staff at FCI - Danbury, including, but not limited to Defendant Doe(s).

47. In or about of March of 2020, Plaintiff also began to experience medical issues with her right eye, including, but not limited to, blurry and distorted vision.

48. Plaintiff has made multiple complaints about the above-described medical issues with her right eye to staff members at FCI – Danbury, including, but not limited to Defendants Greene, Wagner, Dukate, Johnson, Shaputt, Wombledorf, Agis and/or Doe(s).

49. Sometime thereafter, Plaintiff was taken to an eye care specialist and diagnosed with a visceral tear in her right eye.

50. To date, Plaintiff continues to suffer from blurry and distorted vision in her right eye, however, staff members, including, but not limited to Defendants Greene,

Wagner, Dukate, Johnson, Shaputt, Wombledorf, Agis and/or Doe(s) have failed to provide adequate medical care, treat the Plaintiff's eye injury and/or transport the Plaintiff to be seen by an eye care specialist for treatment despite having actual knowledge of Plaintiff's eye diagnoses.

51. To date, as a direct and proximate result of Defendants' deliberate indifference and failure to provide Plaintiff with adequate medical care, Plaintiff has lost vision in her left eye and has limited vision in her right eye, which deficits are believed to be permanent.

52. In or about June of 2020, after Plaintiff reported that she was experiencing tooth pain to Defendant Doe(s), Defendant Doe(s) failed to provide adequate medical care to the Plaintiff, namely by removing an incorrect, healthy tooth.

53. As direct result of the deliberate indifference and failure by Defendants to provide the Plaintiff with adequate medical care, as more fully described above, Plaintiff has suffered, and continues to suffer from physical pain and suffering, medical issues and emotional distress.

COUNT I:

PLAINTIFF v. ALL DEFENDANTS

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY THE EIGHTH AMENDMENT
TO THE UNITED STATES CONSTITUTION

<u>DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS</u>

54. Plaintiff incorporates by reference Paragraphs 1 through 53 as though fully set forth herein.

55. Plaintiff claims damages for the injuries set forth herein against Defendants for violations of Plaintiff's constitutional rights under color of law.

56. At all times relevant hereto, pursuant to the Eighth Amendment to the United States Constitution, Plaintiff had the right not to be treated with deliberate indifference to her medical conditions while she was incarcerated and under the custody and care of Defendants.

57. As more fully described above, Defendants' deliberate and/or willful failure to provide adequate medical care to the Plaintiff constituted deliberate indifference to her serious medical needs in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

58. As more fully described above, during her incarceration, Plaintiff has suffered from medical issues including, but not limited to, a broken ankle, a torn and detached retina, a visceral tear in her right eye and a removed tooth.

59. Defendants, and each of them, deliberately failed to provide Plaintiff with adequate medical care, despite actual knowledge of her serious medical conditions, as more fully described above.

60. The actions of the individual Defendants were willful, wanton and/or done with a reckless disregard for the Plaintiff's rights in that they were specifically aware of each serious medical complaint or condition alleged above and yet failed to take even minimal measures to ensure that Plaintiff was timely treated, despite the ease with which Defendants could have attended to Plaintiff's serious conditions or made an appropriate referral.

61. As a direct and proximate result of the acts described above, perpetrated by Defendants, Plaintiff suffered the following injuries and damages:

   a. violation of her constitutional rights under the Eighth Amendment;

   b. extreme physical pain and suffering;

   c. extreme emotional distress, anxiety, panic, fright, and hopelessness;

   d. long-lasting and continuous or permanent medical issues as alleged;

   e. reasonably foreseeable economic damages including for future medical consultation, treatment, prescription, supplies, and other costs necessitated by Defendants' actions;

   f. fear of future necessary medical treatment and procedures;

   g. such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against individual Defendants; injunctive relief in the form of an order enjoining Defendants or any of them from continuing their deliberate indifference to Plaintiff's serious medical needs as alleged; and such other relief, including declaratory, injunctive, or other relief, as this Court may deem proper.

**DEMAND FOR JURY**

Plaintiff demands a trial by jury on all issues so triable.

       **PLAINTIFF**
       **KATHY SCOTT**

 By: */s/ Rosemarie Paine* (ct15694)
   Jacobs & Dow, LLC
   350 Orange Street
   New Haven, CT 06511
   203-772-3100 (phone)
   203-772-1691 (fax)
   rpaine@jacobslaw.com

   */s/ Massimo A. Terzigni* (*pro hac vice pending*)
   Massimo A. Terzigni, Esquire
   Law Offices of Joel Sansone
   Two Gateway Center, Suite 1290
   603 Stanwix Street
   Pittsburgh, Pennsylvania 15222
   412-281-9194 (phone)
   mterzigni@joelsansonelaw.com